[Civ. No. 25761.   Second Dist., Div. Three.   June 13, 1962.]

JOHN A. MURPHY et al., Plaintiffs and Appellants, v. THOMAS COSENTINO et al., Defendants and Respondents.

Allan F. Grossman for Plaintiffs and Appellants.

Boller, Suttner & Boller and Wyman G. Reynolds for Defendants and Respondents.

SHINN, P. J.—This is an appeal from an order charging each of the parties with one-half of certain fees and attorneys' fees of a receiver. Plaintiffs appeal, contending they should not have to bear any part of this expense. The appeal is before us upon an agreed statement. The facts are that plaintiffs and defendants as equal copartners owned an office building valued at between $170,000 and $230,000, subject to a trust deed of $89,424.32. Plaintiffs sued for dissolution of the partnership and an accounting, and on their application, with the consent of the defendants, a receiver was appointed to manage the property. For services during the first year the receiver was paid $2,529.66, which included attorneys' fees. The receivership thereafter was operated at a loss of about $1,500, and each of the parties contributed equally to the loss and the current operation expense. Defendants purchased plaintiffs' interest in the partnership for $85,000 but the prospective expenses of the receivership were not taken into account and no agreement was made with respect to the same. After this settlement the action was dismissed, and upon the final accounting of the receiver the court fixed the receiver's fee at $1,137.12 and the receiver's attorneys' fee at $400. By the order which is under review these sums were charged to the parties equally.

The parties are in agreement as to the applicable principles of law and that the matter was one within the discretion of the court; that the court in such circumstances has the power to charge the expense against the property in receivership or to either the parties exclusively, or by allocating the expense between them in equitable proportions. It is also agreed that the customary procedure is to deduct the expense of the receivership from the property administered upon. Plaintiffs properly concede that the method adopted by the trial court will not be disapproved on appeal in the absence of a showing of a clear abuse of discretion. We cannot see that the court

abused its discretion in charging plaintiffs with half of the receivership expense.

When the expense of a receivership is taken out of the property administered upon, the theory is that each party has benefitted by the receivership in proportion to his interest, and should stand his proportionate share of the expense. In the present case the order implies that the court decided that the respective parties derived benefit from the receivership proportionate to their several interests and this would seem to be the correct view to take of receivership expense in the ordinary action for dissolution and liquidation of a partnership.

Plaintiffs take the position that the receivership was made necessary by the wrongful acts of defendants and that they should bear the entire expense; but that was a matter in dispute which was not decided by the court, and which we cannot decide upon this appeal. It is contended also that since defendants became entitled to receive all the partnership property through their purchase of plaintiffs' interest they should stand all the expense. But defendants have not received all the property of the partnership. Plaintiffs received their half in the amount for which they sold their interest. If they had not sold out they no doubt would have been charged with, and would have paid without objection, half the receivership expense, as they had contributed to the other operating deficit without objection. The $85,000 which they received represents their interest in the property of the partnership, and while it is true that defendants now own all the property, it is through their purchase that they acquired the interest of the plaintiffs. As we have said, if plaintiffs had not sold they would have been chargeable with half the expense, and we cannot see that they should be relieved of their share because their interest is now represented in the money which they received. The sale, therefore, did not release plaintiffs from an obligation which would have been theirs had they not sold out.

The order is affirmed.

Ford, J., and Files, J., concurred.